```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

THOMAS J. WELDY,                  :
    Plaintiff,                    :
                                  :
v.                                :    Case No. 3:05-CV-1504(AVC)
                                  :
MICHAEL DIBECELLE and DUCCI       :
ELECTRICAL CONTRACTORS, INC.      :
    Defendants.                   :
```

**RULING ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is an action for damages arising out of an incident that occurred between the plaintiff, Thomas Weldy, and the individual defendant, Michael Dibecelle, and Weldy's subsequent termination by the defendant, Ducci Electrical Contractors, Inc. ("Ducci"). It is brought pursuant to section 301 of the Labor Relations and Management Act ("LRMA") and state tort law.

The defendants have filed the within motion for summary judgment, arguing: 1) that Weldy does not have evidence to prove his union's breach of duty; and 2) that Weldy does not have evidence to prove that Ducci terminated his employment without just cause.

For the reasons set forth herein, the motion is DENIED.

**FACTS**

Examination of the complaint, Local Rule 56(c)(1) statements, exhibits, motion for summary judgment, and the response thereto reveals the following undisputed, material facts:

On November 12, 2004, Weldy, an apprentice electrician

employed full-time by Ducci, was working at a job site in Norwalk, Connecticut.  Dibecelle was the foreman on the job.  At some time that day, an altercation between Weldy and Dibecelle took place and, as a result, Ducci terminated Weldy's employment.  The parties dispute both the cause and the details of the altercation.

At the time of the altercation, both Weldy and Dibecelle were members of the International Brotherhood of Electrical Workers, Local 208 (the "Union").  Ducci and the Union were parties to a collective bargaining agreement ("CBA").  The CBA contains a "just cause" provision.[1]  The CBA also has a grievance and appeal mechanism.  An employee's grievance is first presented to a Labor Management Committee ("LMC") consisting of three members from the Union and three from Ducci.  The appeal mechanism is stated in the CBA as follows:  "Should the Labor Management Committee fail to agree or to adjust any matter, such

---

[1] A "just cause" provision is one that limits the grounds for which an employee can be terminated. See, e.g., Trans World Airlines, Inc. v. Beaty, 402 F. Supp. 652, 658 (S.D.N.Y. 1975) (defining a discharge "for cause" as ordinarily one "which is not arbitrary or capricious . . . [nor] unjustified nor discriminatory").  In contrast, an "at-will" employee can typically be terminated for any reason, or no reason at all. See, e.g., Baldwin v. N. Shore Univ. Hosp., 470 F. Supp. 2d 225, 233 (E.D.N.Y. 2007) (noting general rule that an at-will employee can be discharged for "any reason, wise or unwise, fair or unfair").  In this case, the CBA contains a provision that relates to "discharging employees for proper cause."  In a prior ruling (document no. 25), the court interpreted this as a "just cause" provision that limited the grounds for which Ducci could terminate Weldy's employment.

2

shall be referred to the Council on Industrial Relations for the Electrical Contracting Industry ["CIRECI"] for adjudication. The Council's decision shall be final and binding." Weldy filed a grievance and the LMC held a grievance hearing with respect to Weldy's termination. The LMC voted 3 to 3 on Weldy's grievance. Neither Weldy nor the Union timely appealed the grievance. As a practical consequence of the tie vote and the failure to appeal, Weldy lost the grievance.

The parties dispute whether union representative, Roger Johnson, told Weldy that the Union would appeal his grievance; whether Weldy requested such an appeal; and whether Johnson told Weldy on several occasions that an appeal was "still pending." Specifically, Johnson, in his deposition, states: "I would have told him [Weldy] that the next step he would have to write the appeal [sic]. The appeal doesn't come from the local union. The local union handles the appeal, but the appeal has to come in written form to the business office and then it goes forward." Mr. Johnson also states in his deposition that Weldy is responsible for writing the appeal, and that the appeal could not proceed without a written submission by Weldy. In contrast, Weldy asserts "that Johnson did not tell him that, and in fact told him the opposite: that Johnson was pursuing the claim for Weldy, . . . that the local board 'handles' such appeals, . . . [and upon repeated inquiry] that his case was pending."

3

**PROCEDURAL BACKGROUND**

On September 1, 2005, Weldy filed a two-count complaint in the Connecticut superior court alleging that: 1) Weldy was wrongfully terminated by Ducci; and 2) Dibecelle committed civil assault and battery on Weldy. On September 26, 2005, the defendants, Dibecelle and Ducci, filed a petition to remove the case to the United States District Court for the District of Connecticut on the grounds that the wrongful termination cause of action arises under section 301 of the LRMA, which preempts state law.

On October 27, 2005, the defendants filed a motion to dismiss or in the alternative for summary judgment. On February 28, 2006, the court, treating the defendants' motion solely as a motion for summary judgment, denied the motion. The court concluded in its ruling (document no. 25) that Weldy's state law claim for wrongful termination is indeed preempted by section 301 of the LRMA, because the collective bargaining agreement at issue contains a "just cause" discharge provision. The court also concluded that Weldy's wrongful termination cause of action is properly characterized as a "hybrid" cause of action, involving allegations of both breach of duty of fair representation by Weldy's union, and breach of the CBA by Ducci. The court further concluded that Weldy had raised a genuine issue of material fact as to whether the Union had breached its duty of fair

4

representation. The court denied the motion for summary judgment, in part on the basis of this genuine issue of material fact.

The defendants have now filed the within motion for summary judgment (document no. 35). The defendants argue that the motion should be granted because the plaintiff has no evidence to prove either of the two main elements of his wrongful termination cause of action, namely, 1) that the union breached its duty of fair representation to him, and 2) that Ducci breached the CBA.[2] The plaintiff argues that genuine issues of material fact remain in dispute as to both of these elements. Specifically, the plaintiff argues that material issues of fact remain as to 1) the events that led to Weldy's termination, 2) the events relating to the appeal of Weldy's grievance, and 3) whether Ducci conducted any investigation prior to terminating Weldy.

**STANDARD**

The court appropriately grants summary judgment when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court

---

[2] The court notes that the defendants' motion and supporting memorandum of law address only Weldy's wrongful termination cause of action, and present no argument for why summary judgment should be rendered on Weldy's second cause of action, assault and battery against Dibecelle.

must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . [and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

## DISCUSSION

1. Breach of Duty of Fair Representation

The defendants first argue that the "[p]laintiff has no evidence that . . . the union did not handle his grievance appropriately," and thus that the Union breached its duty of fair representation. Specifically, the defendants argue that Weldy "never initiated the appeal" himself, that "the union did not have the right to appeal the grievance, only the [plaintiff] could do so," and that even if the union "negligently failed to advise him of his right to appeal, . . . that failure is not

6

legally significant" because "mere negligence does not amount to a breach of duty of fair representation." Therefore, the defendants argue, "the dispute over why there was no appeal of the grievance is not material" because "tactical errors . . . mere negligent conduct . . . or errors in judgment" by the Union do not constitute such a breach. (Citations omitted).

The plaintiff responds that a "material issue of fact exists as to whether the Plaintiff Weldy was accurately informed of the status of his grievance appeal." Specifically, he argues that union representative "Roger Johnson asserted in his Deposition that the grievant himself must initiate the appeal . . . and that he advised Weldy to do so." In dispute of this assertion, "Weldy testifies that Johnson did not tell him that, and in fact told him the opposite: that Johnson was pursuing the claim for Weldy, . . . that the local board 'handles' such appeals, . . . [and upon repeated inquiry] that his case was pending."

To prevail in a hybrid section 301 and breach of duty of fair representation action, the plaintiff has the burden of proving both the breach of duty by the union and that the discharge was in violation of the CBA. <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164-65 (1983). The court has previously concluded that Weldy's wrongful termination cause of action is properly characterized as such a hybrid.

The threshold issue is thus whether the union breached its

duty of fair representation. Young v. U.S. Postal Service, 907 F.2d 305, 307 (2d Cir. 1990). "A union breaches its duty of fair representation when its conduct toward an employee it represents is 'arbitrary, discriminatory, or in bad faith,' . . . [or] when the union handles a 'meritorious grievance . . . in a perfunctory fashion.'" Young v. U.S. Postal Service, 907 F.2d 305, 308 (2d Cir. 1990) (quoting Vaca v. Sipes, 386 U.S. 171, 190-91 (1967)).

Although the duty is not breached when a union "engages in mere negligent conduct," an omission may nonetheless amount to such "arbitrary" conduct as will constitute a breach. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994). Specifically, "a union may breach its duty when it fails to process a meritorious grievance in a timely fashion with the consequence that arbitration on the merits is precluded." Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994) (emphasis added).

Because the court concludes that Weldy's assertion of the Union's breach of duty presents a genuine issue of material fact, the defendants' motion for summary judgment in this regard is DENIED. Weldy has advanced a factually supported claim that the only reason he did not pursue the appeal of his grievance is because the Union misled him about the appeal's status. The parties dispute whether union representative Roger Johnson told Weldy that the Union would appeal his grievance; whether Weldy

8

requested such an appeal; and whether Roger Johnson told Weldy on several occasions that an appeal was "still pending." The terms of the CBA do not indicate who is authorized or responsible for filing the appeal of a grievance. Rather, the CBA states simply that "such shall be referred to [CERECI]."

Weldy's assertion of the Union's breach of duty thus presents a genuine issue of material fact. This is so whether the issue is the Union's alleged omission in failing to file an appeal, or the Union's alleged repeated misleading statements that led to Weldy's failure to file his own timely appeal. See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994). Either disputed issue of fact, viewed in the light most favorable to the non-moving party, is material to the question of whether the union breached its duty of fair representation to Weldy. Therefore, the motion for summary judgment on this ground is DENIED.

2. Breach of the CBA

The defendants next argue that the "plaintiff has no evidence" to demonstrate that Ducci breached the CBA, which is the second inquiry in a hybrid case such as this. Specifically, the defendants argue that "the determination of whether any union member, including [Weldy], was terminated for just cause[3] is left to the Labor Management Committee," and that the LMC, "by failing

---

[3] See footnote 1, infra.

9

to uphold plaintiff's grievance . . . essentially concluded that plaintiff had been terminated for just cause." The defendants argue that "[s]ince the [LMC] denied the grievance, . . . there was no breach of the [CBA]," and that, therefore, the dispute over the events of November 12, 2004, that led to Weldy's termination, and the sufficiency of any investigation prior to his termination, are "not material," because they do not change the determination reached in the contractual grievance process.

The plaintiff, in addition to the arguments made above as to the handling of the appeal, argues that "nothing Defendant has presented does anything to resolve the conflicting accounts of what transpired on November 12, 2004," and thus the issue of whether his termination violated the CBA.

Under the hybrid approach, the plaintiff is relieved of the burden of exhausting the grievance process under the CBA, where he "has been prevented from exhausting [those] contractual remedies by the union's [breach]." Vaca v. Sipes, 386 U.S. 171, 185 (1967). Employees who "prove an erroneous discharge and the Union's breach of duty tainting the decision of the [grievance] committee, are entitled to an appropriate remedy against the employer," and such a remedy is not barred by the "finality" provisions of the CBA. Hines v. Anchor Motor Freight, Inc., 242 U.S. 554, 572 (1976). "A hybrid § 301/fair representation claim amount[s] to a direct challenge to the private settlement of

disputes under the [CBA]." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983) (internal quotation marks and citation omitted).

Because the court concludes that the issue of whether the plaintiff was terminated for "just cause," and thus the issue of whether Ducci breached the CBA, is not necessarily determined by the outcome of the (unappealed) grievance, the defendants' motion in this regard is DENIED.

The defendants also argue that the dispute over whether the incident that led to Weldy's termination was properly investigated is irrelevant. The defendants argue that, under Connecticut law, the "plaintiff does not have a right to a flawless investigation. He does not even have a right a right to an investigation."

The plaintiff responds, in his affidavit, that "[n]o person from Ducci who was uninvolved in the incident ever investigated what happened." Beyond this assertion, the plaintiff does not respond to the defendants' argument.

The defendants' argument is unconvincing. The case law cited by the defendants, from which this principle derives, involved the discharge of an at-will employee. Morris v. Hartford Courant Co., 200 Conn. 676, 677 (1986) (holding that an inadequate investigation of a negligently made accusation of criminal conduct against an at-will employee that resulted in

11

termination did not raise a matter of public policy important enough to constitute an exception to the usual employment at-will rule). In contrast, this court has previously concluded, in its ruling on the defendants' prior motion for summary judgment, that the CBA contains a just cause provision. Thus, Weldy was not an at-will employee.

The justification for terminating an employee for just cause must, by definition, be greater than that for terminating an at-will employee. See footnote 1, infra. The extent and nature of any investigation prior to the termination of an employee is one factor to be considered in determining whether the termination was, in fact, for "just cause." See N.L.R.B. v. Owners Maintenance Corp., 581 F.2d 44, 47-48 (2d Cir. 1978) (noting an "incomplete and inaccurate" and "pretextual" investigation as reasons suggesting that employees were improperly discharged).

Because the court concludes that the facts relating to Ducci's investigation of the incident that led to Weldy's termination are material to the issue of whether that termination was not for a proper cause, in breach of the CBA, the defendants' motion in this regard is DENIED.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (document no. 35) is DENIED.

termination did not raise a matter of public policy important enough to constitute an exception to the usual employment at-will rule). In contrast, this court has previously concluded, in its ruling on the defendants' prior motion for summary judgment, that the CBA contains a just cause provision. Thus, Weldy was not an at-will employee.

The justification for terminating an employee for just cause must, by definition, be greater than that for terminating an at-will employee. See footnote 1, infra. The extent and nature of any investigation prior to the termination of an employee is one factor to be considered in determining whether the termination was, in fact, for "just cause." See N.L.R.B. v. Owners Maintenance Corp., 581 F.2d 44, 47-48 (2d Cir. 1978) (noting an "incomplete and inaccurate" and "pretextual" investigation as reasons suggesting that employees were improperly discharged).

Because the court concludes that the facts relating to Ducci's investigation of the incident that led to Weldy's termination are material to the issue of whether that termination was not for a proper cause, in breach of the CBA, the defendants' motion in this regard is DENIED.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (document no. 35) is DENIED.

It is so ordered this 16th day of November, 2007, at Hartford, Connecticut.

                                    _____/s/_____
                                    Alfred V. Covello, U.S.D.J.